UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DR. ENRIQUETA MAYUGA, a married person, as trustee for THE MAYUGA LIVING TRUST,<br><br>                Plaintiff,<br><br>   v.<br><br>SENTINEL INSURANCE COMPANY, LTD, a foreign corporation,<br>                Defendant. | NO: 4:19-CV-5047-TOR<br><br>ORDER GRANTING DEFENDANT SENTINEL INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant Sentinel Insurance Company, Ltd's Motion for Partial Summary Judgment (ECF No. 12). The Motion was submitted with a request for oral argument. The Court has reviewed the files and the record, and is fully informed. Because the completed briefing adequately addresses the issues, the Court finds oral argument is unnecessary and **strikes** the hearing. LCivR 7(i)(3)(B)(iii). For the reasons discussed below, the Motion for Partial Summary Judgment (ECF No. 12) is **granted**.

ORDER GRANTING DEFENDANT SENTINEL INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

## STANDARD OF REVIEW

A movant is entitled to summary judgment if the movant demonstrates "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "genuine" where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The moving party bears the "burden of establishing the nonexistence of a 'genuine issue.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "This burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." *Id.*

In deciding, the court may only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). As such, the nonmoving party may not defeat a properly supported motion with mere allegations or denials in the pleadings. *Liberty Lobby*, 477 U.S. at 248. At this stage, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor." *Id.* at 255. However, the "mere existence of a scintilla of evidence" will not defeat summary judgment. *Id.* at 252.

//

## BACKGROUND

This case arises out of Defendant Sentinel Insurance Company's denial of insurance benefits requested by its insured, Plaintiff Enriqueta Mayuga, as trustee for the Mayuga Living Trust. ECF No. 12 at 1-2.

In short, Plaintiff's roof incurred damage on February 11, 2017 and Plaintiff requested insurance benefits from Defendant on February 14, 2017. ECF No. 12 at 1. Initial information indicated the damage was due to the weight of ice and snow. ECF No. 12 at 2. However, based on subsequent inspections, Sentinel denied the claim based on subsequent investigations that determined the roof was generally worn out and needed to be replaced prior to the reported loss. ECF No. 12 at 2.

On February 4, 2019, Plaintiff served Defendant and the insurance commissioner with written notice that Plaintiff intended to file a Washington Insurance Fair Claims Act ("IFCA") claim. ECF No. 15 at 2. On March 1, 2019, Plaintiff filed this action in state court. Defendant removed the case from state court to this Court on March 29, 2019. ECF No. 1.

## DISCUSSION

Defendant moves for summary judgment on Plaintiff's breach of contract claim, asserting that Plaintiff failed to bring the breach of contract claim within two years of the date of loss, as provided in the underlying insurance agreement. ECF No. 12 at 6. Plaintiff agrees that the two-year statute of limitations governs

the breach of contract claim. However, Plaintiff argues that filing the IFCA pre-suit notice tolled the breach of contract claim by twenty days, not just the IFCA claim. ECF No. 15 at 6-8. Defendant counters by arguing the IFCA tolling provision only applies to IFCA claims. ECF No. 16 at 3-6.

As Defendant rightly argues, the plain language of the tolling provision applies to IFCA claims only. Under RCW 48.30.015(1), "first party claimants to a policy of insurance who [are] unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action . . . to recover the actual damages sustained" along with costs and attorney fees. However, the claimant must provide notice to the insurer and the insurance commissioner twenty days before bringing suit "on an action based on this section". RCW 48.30.015(8)(a). The IFCA tolling provision provides:

> If a written notice of claim is served under (a) of this subsection within the time prescribed for the filing of *an action under this section*, the statute of limitations *for the action* is tolled during the twenty-day period of time in (a) of this subsection.

RCW § 48.30.015(8)(d) (emphasis added). The statement "for the action" clearly refers to "an action under this section". Accordingly, the tolling provision only applies to IFCA claims. Plaintiffs argument that the underlying policy does not mention tolling under IFCA is irrelevant, ECF No. 15 at 8, as the IFCA statutory tolling provision does not apply to the breach of contract claim.

ORDER GRANTING DEFENDANT SENTINEL INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4

**ACCORDINGLY, IT IS ORDERED:**

1. Defendant Sentinel Insurance Company, Ltd's Motion for Partial Summary Judgment (ECF No. 12) is **GRANTED**.
2. The hearing set for September 4, 2019 is **STRICKEN**.

The District Court Clerk is directed to enter this Order, provide copies to counsel, and strike the hearing.

DATED August 29, 2019.



_____
THOMAS O. RICE
Chief United States District Judge