UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DR. ENRIQUETA MAYUGA, a married person, as trustee for THE MAYUGA LIVING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>SENTINEL INSURANCE COMPANY, LTD, a foreign corporation,<br>Defendant. | NO: 4:19-CV-5047-TOR<br><br>ORDER GRANTING PROTECTIVE ORDER |

BEFORE THE COURT is Defendant Sentinel Insurance Company, Ltd's Motion for Protective Order (ECF No. 18). A telephonic hearing was held on December 11, 2019 and the Parties presented their argument. The Court – having reviewed the record and completed briefing and heard oral argument from the parties – is fully informed. For the reasons discussed below, the Motion (ECF No. 18) is **granted**.

ORDER GRANTING PROTECTIVE ORDER ~ 1

## BACKGROUND

Plaintiff Dr. Enriqueta Mayuga filed suit against Defendant Sentinel Insurance Company for breach of contract, insurance bad faith, and for violations of the Washington Consumer Protections Act and the Insurance Fair Conduct Act. ECF No. 4-2 at 4-6, ¶¶ 5.1-7.4. The court recently granted Defendant's motion for summary judgment (ECF No. 12) for the breach of contract claim and dismissed the claim as barred by the statute of limitations. ECF No. 17.

In short, a building insured by Defendant incurred damage in early 2017. Plaintiff reported the loss to Defendant and indicated the loss was caused by heavy snowfall that had started to melt. ECF No. 13 at 2, ¶ 3. Defendant learned that the building had not been in use for some time and arranged for a roof inspection by an independent contractor, who determined the roof failure was a result of wear and tear, and not the snow storm. ECF No. 13 at 2, ¶ 5. Defendant determined the loss was not covered and denied the claim. ECF No. 13 at 2, ¶ 7. Plaintiff's contractor contacted Defendant and asked Defendant to re-open the claim and conduct another inspection. ECF No. 13 at 2, ¶ 8. Defendant arranged for a different independent contractor to inspect the roof, who determined the cause of loss was general age, wear and tear, and lack of maintenance. ECF No. 13 at 2, ¶¶ 9-10.

Defendant maintained its denial of the claim and Plaintiff subsequently filed suit in superior court in Washington for the county of Franklin. ECF No. 4-2.

Defendants removed the case to this Court. ECF No. 1.

Notably, Plaintiff asserts that "Defendant's first expert determined the Plaintiff had a covered claim, but then the Defendant got a second expert to assert the 10-year old roof the Defendant collected premiums on for years with the promise of coverage was suddenly deemed uninsurable, and not covered." ECF No. 21 at 1. Defendant argues this is demonstrably false and points to the Statement of Facts (ECF No. 13) submitted with the previous Motion for Summary Judgment, which is supported by the declaration of Robin Chism and attachments (ECF No. 14). ECF No. 22 at 1-2, n.1. As Defendant rightly notes, Plaintiff does not cite to any evidence to the contrary.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 26(b), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Here, "Sentinel seeks a protective order against two disputed discovery requests: (1) all other complaints, lawsuits and legal proceedings [] filed against

Sentinel in Washington [over the last five years], regardless of topic, and (2) Sentinel's internal policies relating to bringing a declaratory action complaint against a policyholder to resolve coverage disputes." ECF No. 18 at 3. "Sentinel objects to the requests as not relevant, overbroad and not proportional to the needs of the case, and because the discovery sought is protected by the work product doctrine and attorney client privilege." ECF No. 18 at 3.

The first disputed request for production broadly seeks production of all lawsuits and complaints filed against Sentinel in the last five years:

> In order to establish a pattern or practice of similar conduct complained of in this lawsuit to show a general public interest impact and or entitlement to potential injunctive reliefs and or treble damages in settlement and or after judgment, please list all lawsuits, arbitrations, Attorney General complaints, Better Business Bureau complaints, Insurance Commissioner complaints, and consumer or customer complaints ever filed against you, and or sent to you, and or given to you and or served on you in the last 5 years, including any rulings, judgments, decisions, or resolutions thereon. For your answer, provide the names and all the contact information you have for all persons with any knowledge of the same, including but not limited to the complainants and their legal counsel if any, and list the assigned file or case numbers for the same, and for each one list all documents related to the same including but not limited to every document ever filed or exchanged or provided by anyone or any entity involved with the same including you.

ECF No. 18 at 3-4. The first basis for the request – proving public interest – does not justify the requested discovery.

Plaintiff asserts it wants the requested discovery to prove a pattern or practice to establish the public interest element of the Washington Consumer

Protection Act claim. ECF No. 21 at 4; *see* RCW 19.86.093. Sentinel concedes the public interest element of the CPA claim is met, asserting that the public interest element of a Washington Consumer Protection Act claim is met where the suit involves insurance. ECF No. 18 at 5-6; *see* RCW 48.01.030 ("the business of insurance is one affected by the public interest"); RCW 19.86.020 ("a claimant may establish that the act or practice is injurious to the public interest because it: (1) Violates a statute that incorporates this chapter; (2) Violates a statute that contains a specific legislative declaration of public interest impact; *or* (3)(a) Injured other persons; (b) had the capacity to injure other persons; or (c) has the capacity to injure other persons." (emphasis added). The Washington Supreme Court recently reaffirmed that "[t]he legislature has expressly declared that the insurance business is one 'affected by the public interest' and has prohibited insurers from engaging in unfair or deceptive acts as defined by the legislature or the insurance commissioner." *Peoples v. USAA*, __Wash.2nd __, No. 96931-1 * at 6-7 (Nov. 27, 2019). As such, Plaintiff does not need to show a pattern or practice to establish this element and such a burdensome request is clearly not proportionate to the needs of proving an element not at issue.

      As for demonstrating the "entitlement to potential injunctive reliefs and or treble damages", Plaintiff cites RCW 19.86.090, which allows a court to enjoin further violations and increase a damage award for a violation of RCW 19.86.020

up to an amount not to exceed three times the actual damages and not in excess of $25,000.  According to Plaintiff, in determining whether to increase the damages award, courts consider whether the relief would rehabilitate the injured consumer, encourage private citizens to bring actions benefitting the public; deter future violations; and provide adequate punishment.  ECF No. 21 at 7-8.  Plaintiff also asserts courts consider the defendants' lack of good faith, injury to the public, the defendants' ability to pay, and the need to eliminate benefits derived from the violation.  ECF No. 21 at 8.  Plaintiff otherwise asserts courts may issue an injunction protecting the plaintiff's interests and the public interest.  ECF No. 21 at 9.  Plaintiff also assert "Defendant's practices, including the extent to which they are employed, have direct bearing on the Court's decision whether, and what extent, to issue the requested injunction."  ECF No. 21 at 9-10.  Plaintiff concludes that "evidence of complaints by 'other people' are properly sought".  ECF No. 21 at 8.  The Court disagrees.

     The factors cited do not support this reading.  Further, Plaintiff's desire to root out other possible violations – without providing any explanation as to how it is relevant to her claim or the issues before the Court – does not justify the requested discovery.  Plaintiff's request amounts to a blind fishing expedition without any real explanation as to how the request would lead to relevant information, let alone how the request is proportional to the needs of the case.

In the second disputed request, Plaintiff seeks Defendant's "company policy, if any, for when [Defendant] will seek an impartial declaratory ruling on coverage from the court when there is any allegedly conflicting or disputed evidence on whether an insurance claim should be paid or denied . . . ." ECF No. 18 at 9. This interrogatory does not request any relevant information—Defendant has not filed a declaratory action for the underlying insurance claim nor is there a duty to do so. Notably, Plaintiff did not respond to Defendant's contentions, apparently conceding the issue. *See* ECF No. 22.

## ATTORNEY FEES

Defendant's reply memorandum requests attorney fees, citing to Federal Rule of Civil Procedure 37(a)(5)[1]. ECF No. 22 at 7. Rule 26(c)(3) adopts Federal Rule of Civil Procedure 37(a)(5) as the rule governing the award of expenses. If the protective order is granted—the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fees and expenses will not be granted, even where the motion for protective order is granted, if the

---

[1] Defendant cited to "FRCP 37(5)", but it is clear Defendant intended to cite to Rule 37(a)(5).

opposing party's objection was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).

Here, the Plaintiff has not had the opportunity to address the attorney fee issue because it was first raised in the reply brief. A portion of Plaintiff's argument was marginally justified, but in the end, it did not prevail. Further briefing on the justification and amount of fees by both parties will only exacerbate the unnecessary time and expense of litigation, in derogation of the overarching goals expressed by the Rule 1 of the Federal Civil Rules, "to secure the just, speedy, and inexpensive determination of every action". Accordingly, considering all the circumstances and the necessity for bringing the motion for protective order make the award of attorney fees in this instance unjust. The Court may not be so lenient concerning future disputes. The request for attorney fees is **denied**.

The Court reminds the parties that the Jury Trial Scheduling Order provides a mechanism to timely and efficiently resolve discovery disputes without motion practice:

> To avoid wasted time and expense, Counsel may contact chambers to schedule a telephonic conference to obtain an expedited ruling on discovery disputes. Motions to compel seeking sanctions shall be filed in writing.

ECF No. 11 at 5.

//

**ACCORDINGLY, IT IS ORDERED:**

1. Defendant Sentinel Insurance Company, Ltd's Motion for Protective Order (ECF No. 18) is **GRANTED**.

2. Defendant Sentinel Insurance Company, Ltd's request for attorney fees in its reply brief is **DENIED.**

The District Court Clerk is directed to enter this Order and provide copies to counsel.

DATED December 11, 2019.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING PROTECTIVE ORDER ~ 9